GLD-259                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1784
_____

JOHN M. HUMPHRIES,
                              Appellant

v.

MARY M. HOUGHTON, IN INDIVIDUAL AND PROFESSIONAL CAPACITY;
MARIE VEON, IN INDIVIDUAL AND PROFESSIONAL CAPACITY;
KIMBERLY R. ROGERS, IN INDIVIDUAL AND PROFESSIONAL CAPACITY;
JAMES EMBREE, IN INDIVIDUAL AND PROFESSIONAL CAPACITY;
MARK LOPE, IN INDIVIDUAL AND PROFESSIONAL CAPACITY;
DRUG ENFORCEMENT ADMINISTRATION, THE AGENCY;
ATTORNEY GENERAL'S OFFICE, THE AGENCY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-01514)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 11, 2011

Before:  AMBRO, CHAGARES AND COWEN, Circuit Judges


(Opinion filed:  August 18, 2011)
_____

OPINION

_____

PER CURIAM.

On November 8, 2010, John M. Humphries, a prisoner, filed a pro se, in forma pauperis complaint in the District Court for the Western District of Pennsylvania seeking damages and other relief under 42 U.S.C. §§ 1983 and 1985. Humphries asserted ten claims, including false arrest and malicious prosecution, based on a lengthy narrative of events dating back to his September 20, 2006, arrest on drug charges in Venango County, Pennsylvania. The Magistrate Judge recommended dismissing the complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, citing four grounds: (1) any claim based on acts that predate November 8, 2008, is barred under the two-year statute of limitations; (2) insofar as Humphries seeks relief due to allegedly perjured testimony and false evidence in connection with his 2009 federal conviction, his claims are not cognizable under Heck v. Humphrey, 512 U.S. 477 (1994); (3) the prosecutor defendants (Houghton, Lope, and Veon) are entitled to absolute immunity; and (4) the doctrine of claim preclusion bars claims that Humphries raised, or could have raised, in an earlier suit.[1] The District Court adopted the Report and Recommendation and dismissed the complaint for failure to state a claim. Humphries timely filed this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291. Humphries has been granted leave to proceed in forma pauperis on appeal. Under 28 U.S.C. § 1915(e)(2)(B), an action or appeal must be dismissed if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. We exercise plenary review over the sua sponte dismissal of

---

[1] See Humphries v. Venango County Dist. Att'y, W.D. Pa. Civ. No. 08-cv-00335.

2

Humphries' complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

After a review of the record, we discern no error in the District Court's analysis. "The statute of limitations for a § 1983 claim arising in Pennsylvania is two years." Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009).[2] A cause of action "accrues when the plaintiff knew or should have known of the injury upon which [his] action is based." Sameric Corp. of Del. v. Phila., 142 F.3d 582, 599 (3d Cir. 1998); see Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). According to the complaint, the alleged constitutional violations that Humphries incurred at the hands of state officials occurred between September 20, 2006, and April 17, 2008, when charges brought against him in Butler County were dismissed. See Compl. at ¶ 86. Humphries filed this suit on November 8, 2010. We agree with the District Court that Humphries is barred from asserting claims based on acts allegedly committed by defendants prior to November 8, 2008.[3] As a

_____

[2] Insofar as Humphries seeks relief under 42 U.S.C. § 1985, the same two-year limitations period bars his claims. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000). Further, Humphries fails to state a claim upon which relief can be granted under § 1985 because he does not allege facts giving rise to a plausible claim that a racial or other class-based invidious discriminatory animus lay behind defendants' alleged actions. See Brown v. Philip Morris, Inc., 250 F.3d 789, 805 (3d Cir. 2001).

[3] Humphries argues that the limitations period should be tolled because he filed a complaint against certain defendants with the Office of Professional Responsibility in February 2010 and did not receive a response until September 2010. Generally, state law governs the question of whether to afford tolling of the limitations period in a civil rights suit. See Dique, 603 F.3d at 185; Kach, 589 F.3d at 639. We find no authority for the proposition that tolling is available under Pennsylvania law for the time in which Humphries pursued an administrative complaint that was not a prerequisite to suit under § 1983. Cf. Ammlung v. City of Chester, 494 F.2d 811, 816 (3d Cir. 1974) (explaining that "[t]he running of a Pennsylvania statute of limitations against a federal cause of action is not tolled under Pennsylvania concepts of tolling by the commencement of a similar suit in state court"). We have considered the

result, Humphries is precluded from asserting the claims in his complaint that arise out of his 2006 prosecution in Venango County; the alleged termination of his parental rights; the events surrounding the arrest of his girlfriend, Dena Papania; his arrest in November 2007; and the dismissed charges brought against him in Butler County.

As to the remainder of the complaint, which appears to center upon Humphries' arrest, indictment, and conviction on federal criminal charges, the District Court properly dismissed the claims for relief.[4] Defendant Houghton, a federal prosecutor, is entitled to absolute immunity for actions performed within her authority. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.").[5] Humphries does not assert a plausible claim that Houghton acted outside the scope of her duties in bringing the charges against him.

Humphries' claims that defendants used perjury and false evidence to secure his federal conviction are not cognizable under Heck's favorable termination rule. As noted,

additional tolling arguments presented in Humphries' "Brief," but conclude that those arguments do not provide a basis to toll the limitations period.

[4] Humphries was indicted in federal court on November 19, 2008, within two years prior to filing this suit. He entered a plea of guilty to one count of violating 21 U.S.C. § 846 and was sentenced on March 20, 2009, to twenty-one months of imprisonment followed by three years of supervised release. See W.D. Pa. Crim. No. 08-cr-00402.

[5] While Humphries' suit against Houghton, a federal official, is properly construed as an action under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), rather than § 1983, the same result obtains. "[C]ourts have generally relied upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a *Bivens* claim against federal officials." Schrob v. Catterson, 948 F.2d 1402, 1409 (3d Cir. 1991).

Humphries entered a plea of guilty to violating 21 U.S.C. § 846, and there is no evidence that any court has called the conviction into question. See Heck, 512 U.S. at 486-87; see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (explaining that Heck's favorable termination rule applies "no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration").

Finally, Humphries appears to challenge the factual basis for the initial federal criminal complaint filed against him, arguing that the absence of probable cause supports a claim for malicious prosecution. In particular, he complains that defendant Rogers, an Investigator for the U.S. Drug Enforcement Agency, must have lacked probable cause for the "Schedule II" controlled substance allegation that was included in the original criminal complaint given that only a "Schedule III" controlled substance formed the factual basis for the superseding indictment to which Humphries pleaded guilty. This malicious prosecution claim, however, is barred by the Heck rule in light of Humphries' conviction under 21 U.S.C. § 846 -- the same offense that he was charged with in the original criminal complaint. See Kossler v. Crisanti, 564 F.3d 181, 194 (3d Cir. 2009) (en banc) (explaining that "courts need not reach the probable cause element unless they first make a finding of favorable termination after examining whether the proceeding as a whole indicates the innocence of the accused with respect to the conduct underlying all of the charges"). Furthermore, if not premature under the Heck rule, this claim is barred by the statute of limitations. As discussed, Humphries cannot assert claims that pre-date

5

November 8, 2008.[6]  The original federal complaint, accompanied by defendant Rogers'

supporting affidavit, was filed on April 15, 2008, and Humphries does not suggest a later

accrual date for any claim based on the facts asserted in Rogers' affidavit.  Humphries'

malicious prosecution claim, therefore, would be untimely.

Based on the foregoing, we conclude that this appeal lacks any arguable legal

merit, and therefore we will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B)(i).

Humphries' motions to consider an audio recording and for leave to file an extended brief

are denied.

---

[6] Humphries' claims under Bivens are also subject to a two-year limitations period.
See Napier v. Thirty or More Unidentified Fed. Agents, 855 F.2d 1080, 1087 & n.3
(3d Cir. 1988).